UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARA ROUNDTREE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 3:16-CV-5585-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Sara Roundtree filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to examining psychologist Dr. Terilee Wingate, Ph.D.'s opinions. Had the ALJ properly considered Dr. Wingate's opinions, the residual functional capacity may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On July 11, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of November 29, 2012. *See* Dkt. 11, Administrative Record ("AR") 23. The applications were denied upon initial administrative review and on reconsideration. *See id.* A hearing was held before ALJ David Johnson on November 14, 2014. *See* AR 39-69. In a decision dated January 15, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 23-34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to provide: (1) legally sufficient reasons for rejecting the opinions of Dr. Terilee Wingate, Ph.D.; and (2) specific, clear, and convincing reasons for finding Plaintiff not fully credible. *See* Dkt. 13, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ properly weighed the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of the opinion evidence submitted by examining psychologist Dr. Terilee Wingate, Ph.D. Dkt. 13, pp. 4-14. Plaintiff also alleges the ALJ erred in his consideration of the opinions completed by two non-examining doctors. *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  <u>Dr. Wingate's Opinions</u>

Dr. Wingate completed two Psychological/Psychiatric Evaluations. AR 414-22, 581-88. In the first evaluation, completed on May 14, 2013, Dr. Wingate opined Plaintiff was mildly limited in her ability to: understand, remember, and persist in tasks by following very short and simple instructions; make simple work-related decisions; and be aware of normal hazards and take appropriate precautions. AR 416. She found Plaintiff was moderately limited in her ability to: understand, remember, and persist in tasks by following detailed instructions; learn new tasks; perform routine tasks without special supervision; adapt to changes in a routine work setting; ask simple questions or request assistance; and set realistic goals and plan independently. AR 416. Dr. Wingate also found Plaintiff had marked limitations in: performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; communicating and performing effectively in a work setting;

completing a normal workday and work week without interruptions from psychologically based symptoms; and maintaining appropriate behavior in a work setting. AR 416.

Dr. Wingate evaluated Plaintiff again on September 23, 2014. AR 581-88. Dr. Wingate found Plaintiff had the same functional limitations as the May 2013 evaluation, except Dr. Wingate opined Plaintiff had improved in her ability to set realistic goals and plan independently [improving from moderate to mild impairment] and in her ability to communicate and perform effectively in a work setting [improving from markedly to moderately limited]. AR 584.

The ALJ discussed Dr. Wingate's opined limitations and then stated:

> These opinions are (1) based primarily upon limited information provided by the claimant, which lacks reliability. Although Dr. Wingate conducted an examination that provided indications to her as a trained professional, these were partly dependent on the claimant's participation. Additionally Dr. Wingate did not have access to other information in the record that is inconsistent with the claimant's reports as well as the degree of limitation Dr. Wingate assessed. The claimant's experience in counseling indicates that factors other than her medically determinable impairments, such as her children and household responsibilities, are the cause of interference with attendance. As noted above, the claimant reported to Dr. Wingate that she must complete all of her activities on Fridays, but she failed to report that she had been working out at the gym indicating more regular activity. (2) Dr. Wingate may have been including factors such as the demands of the claimant's children and household as interfering with the ability to attend, pay attention, interact, and complete a workday or work week, but issues caused by factors not resulting from medically determined impairments are not relevant to the disability consideration. Dr. Wingate did not have access to counseling reports that revealed no panic attacks and better symptom control with use of techniques learned in therapy. (3) Furthermore, actual observation of the claimant did not reveal symptoms that would support a marked degree of limitations. Dr. Wingate noted that the claimant was cooperative, as have other records, inconsistent with the degree of impairment Dr. Wingate opined. Additionally, mental status examination indicated that the claimant had retained fair cognitive functioning. The regulations require assessment of medical opinions for consistency and supportability, which both are lacking in relation to the degree of limitation Dr. Wingate opined. For these reasons, little weight is given to the limitations suggested by Dr. Wingate.

AR 31-32 (internal citations omitted, numbering added).[1]

First, the ALJ gave little weight to Dr. Wingate's opinion because it was based primarily on limited information provided by Plaintiff. *See* AR 31-32. "[An] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan*, 528 F.3d at 1199-1200).

Dr. Wingate interviewed Plaintiff and conducted two separate mental status examinations ("MSE") of Plaintiff. *See* AR 414-18, 581-85. Following the examinations of Plaintiff, Dr. Wingate diagnosed Plaintiff with panic disorder with agoraphobia; major depressive disorder, recurrent, severe; anxiety disorder, not otherwise specified;

---

[1] The Court notes the ALJ discussed Dr. Wingate's reports when determining the weight to give Plaintiff's subjective testimony. *See* AR 28-30. The ALJ, however, did not discuss Dr. Wingate's opinions or the weight given to the opinions until later in his decision. The Court considers only the discussion regarding the weight given to the opinions in determining whether the ALJ provided specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Wingate's opinions. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

depersonalization disorder; cannabis abuse, sustained full remission; and alcohol use/abuse. AR 415, 583. Dr. Wingate indicated Plaintiff had a global assessment of functioning ("GAF") score of 50 based on Plaintiff's symptom severity, the MSEs, and Plaintiff's activities of daily living. AR 415, 583. In reaching her opinions, Dr. Wingate relied on her own observations, documented results of the MSEs, and Plaintiff's subjective complaints and reported mental health history. AR 414-18, 58-85. Dr. Wingate did not discredit Plaintiff's subjective reports, and supported her ultimate opinions with the MSEs and her own observations. The ALJ even found Dr. Wingate's examinations were only "partly dependant" on Plaintiff's participation. *See* AR 32.

In finding Dr. Wingate's opinions were based on Plaintiff's subjective reports, the ALJ noted "Dr. Wingate did not have access to other information in the record that is inconsistent with the claimant's reports as well as the degree of limitation Dr. Wingate assessed." AR 32. The ALJ did not explain why Dr. Wingate's failure to review "other information in the record" discredits her opinions. *See* AR 32. Dr. Wingate relied on her own observations, results from the MSEs she administered, and Plaintiff's reported mental health history and subjective complaints to reach her opinion of Plaintiff's functional limitations. AR 414-18, 581-85. While the ALJ listed examples from the record which may conflict with Dr. Wingate's findings and the information provided to Dr. Wingate, he did not explain why the conflicting evidence was more persuasive than Dr. Wingate's examinations, observations, and opinions. *See e.g. Lester*, 81 F.3d at 832-33 (the "Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments"). Further, Defendant does not cite, nor does the Court find, authority holding an examining physician's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

failure to supplement her own examination and observations with additional records is, alone, a specific and legitimate reason to give less weight to the opinion. *See* Dkt. 16.

Dr. Wingate based her opinions of Plaintiff's limitations on a combination of personal observations, mental examinations, and Plaintiff's mental health history and subjective reports. Therefore, the Court concludes the ALJ's finding that Dr. Wingate's opinions were based primarily upon limited information provided by Plaintiff--which was allegedly inconsistent with other portions of the record--is not a specific and legitimate reason supported by substantial evidence.[2]

Second, the ALJ gave little weight to Dr. Wingate's opinions because "Dr. Wingate may have been including factors such as the demands of the claimant's children and household as interfering with the ability to attend, pay attention, interact, and complete a workday or work week." AR 32. The ALJ failed to provide any explanation for why he found Dr. Wingate relied on factors beyond Plaintiff's medically determinable impairments in reaching her conclusions. *See* AR 32. Furthermore, while it appears Dr. Wingate was cognizant of Plaintiff's problems with employment, social support, finances, housing, and transportation, there is nothing in her findings to indicate she based her opinions on factors outside Plaintiff's medically determinable impairments. *See* AR 414-18, 581-85. Therefore, this is not a specific and legitimate reason

---

[2] Defendant argues the ALJ gave little weight to Dr. Wingate's opinions because the opinions were inconsistent with the medical records, not because she did not review medical records. Dkt. 16, p. 5. The ALJ stated Dr. Wingate "*did not have access* to other information in the record" which are inconsistent with her findings. AR 32 (emphasis added). The ALJ did not state he was giving little weight to Dr. Wingate's opinions because her opinions were inconsistent with the record. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina*, 674 F.3d at 1121 ("we may not uphold an agency's decision on a ground not actually relied on by the agency"). As the ALJ did not state he was giving little weight to Dr. Wingate's opinions because the opinions were inconsistent with other information in the record which the ALJ specifically identified, the Court is not persuaded by Defendant's argument.

supported by substantial evidence for giving little weight to Dr. Wingate's opinions. *See* Social Security Ruling ("SSR") 86-8 ("presumptions, speculations and suppositions should not be substituted for evidence").

Third, the ALJ found Dr. Wingate's opinion was entitled to little weight because her opinions were inconsistent with her observations and the MSE. AR 32. Specifically, the ALJ found (A) Dr. Wingate's observation that Plaintiff was cooperative was inconsistent with the degree of impairment to which Dr. Wingate opined and (B) the MSE indicated Plaintiff retained fair cognitive functioning. AR 32. An ALJ may give less weight to a physician's opinion if the physician's clinical notes and recorded observations contradict the physician's opinion. *Bayliss*, 427 F.3d at 1216. The ALJ, however, failed to adequately explain why Dr. Wingate's observation that Plaintiff was cooperative was inconsistent with her opinions. *See* AR 32. There is nothing in Dr. Wingate's opinions which indicate she found Plaintiff would be uncooperative in a work setting. *See* AR 416, 583-84. The ALJ also failed to explain how Plaintiff's fair cognitive functioning is inconsistent with Dr. Wingate's opinions. *See* AR 32. Without an adequate explanation to support the alleged inconsistencies, the Court cannot determine if the ALJ's finding provides a specific and legitimate reason supported by substantial evidence to discredit Dr. Wingate's opinions. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

For the reasons discussed above, the Court concludes the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Wingate's opinions. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, in regard to Plaintiff's mental limitations, the ALJ restricted Plaintiff to work "that consists of simple, routine tasks; that is performed where the general public is typically not present; and that does not require more than occasional changes in work routine." AR 27. If Dr. Wingate's opinions had been properly considered, the residual functional capacity ("RFC") may have included greater limitations regarding Plaintiff's mental health impairments and her ability to attend work on a consistent basis. For example, Dr. Wingate opined Plaintiff is markedly limited in her ability to complete a normal workday and work week without interruptions from her psychologically based symptoms, maintain appropriate behavior in a work setting, and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. AR 583-84. Had the ALJ properly considered Dr. Wingate's opinions, he may have included additional limitations in the RFC and in the

hypothetical questions posed to the vocational expert, Steve Duchesne. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.[3]

   B. Non-examining Doctors' Opinions

Plaintiff also argues the ALJ erred by giving great weight to the opinions of two non-examining doctors because the opinions were not be based on the longitudinal record and not consistent with Dr. Wingate's opinions. Dkt. 13, pp. 12-14. A non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a non[-]examining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester*, 81 F.3d at 831). As the ALJ did not provide specific and legitimate reasons for discounting Dr. Wingate's opinions, he erred when he discounted Dr. Wingate's opinions in favor of the opinions of two non-examining doctors. On remand, the ALJ should re-evaluate all the medical opinion evidence.

**II. Whether the ALJ erred by failing to provide clear and convincing reasons supported by the record to discount Plaintiff's subjective testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 13, pp. 14-18. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical opinion evidence may impact

---

[3] While discussing the weight given to Plaintiff's subjective testimony, the ALJ stated "Dr. Wingate's findings indicate that the claimant remained capable of performing work within the bounds of the above residual functional capacity." AR 29. However, the ALJ explicitly gave little weight to Dr. Wingate's opinions and did not incorporate all of her opined limitations into the RFC. Therefore, the Court finds the ALJ's error is harmful.

his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's subjective testimony on remand.

The Court also notes, on March 16, 2016, the Social Security Administration changed the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016). The term "credibility" will no longer be used. *Id*. Further, symptom evaluation is no longer an examination of a claimant's character; "adjudicators will not assess an individual's overall character or truthfulness." *Id*. The ALJ's decision, dated January 15, 2015, was issued more than a year before SSR 16-3p became effective. Therefore, the ALJ did not err by failing to apply SSR 16-3p. However, portions of his decision finding Plaintiff not entirely credible does not comply with the new SSR. For example, the ALJ found Plaintiff not entirely credible, in part, because she had "a history of not being completely forthright," provided inconsistent information regarding her employment, and provided inconsistent statements regarding her daily activities. *See* AR 29-30; SSR 16-3p ("inconsistencies in an individual's statements made at varying times does not necessarily mean they are inaccurate"). On remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective testimony.

### III.  Whether the case should be remanded for an award of benefits.

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 13, p. 18. Defendant maintains there are conflicts in the evidence which must be resolved on remand. Dkt. 16, pp. 12-14.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke*, 379 F.3d at 595 (citations omitted). However, the Ninth

Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined the ALJ must re-evaluate the medical opinion evidence and Plaintiff's symptom testimony and finds issues remain which must be resolved concerning Plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 19th day of December, 2016.

David W. Christel
United States Magistrate Judge